**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA :**

**Vs. : Cr. No. 05-102ML**

**JOHN CURRAN :**

**MOTION TO CERTIFY CASE AS COMPLEX LITIGATION AND TO EXCLUDE ADDITIONAL TIME FOR PRE-TRIAL PREPARATION PURSUANT TO 18 U.S.C. 3161(h)(8)(A) OF THE SPEEDY TRIAL ACT**

Now comes the defendant, John Curran, by and through his attorney and hereby moves this Honorable Court pursuant to 18 U.S.C., Section 3161(h)(8)(A) to certify this matter as complex litigation and to exclude additional 60 days time for pre-trial preparation and motions under the Speedy Trial Act.

In support of this motion, counsel avers that John Curran is charged with 19 Counts of Wire Fraud, 4 counts of Money Laundering and faces criminal forfeiture of assets in the event he is convicted. The allegations contained in the Indictment stretch back as far as 2002 and the government investigation of this matter has been ongoing for the past 4 years as well.

In addition, counsel has received numerous boxes of discovery which is not collated or organized in any manner, making it nearly impossible to mount an effective defense without additional time to digest the information.

Next, counsel has been researching and formulating a Motion to Dismiss the Indictment but has had inadequate time to complete the research. Also, counsel's ability to complete the Motion to Dismiss would be aided by the government's response to certain pre-trial motions that are being filed contemporaneously with the instant motion, e.g., the Motion for Bill of Particulars. Only once additional time for research has been allowed and hopefully, responses to the Bill of Particulars received, would counsel be in a position to complete preparation of the Motion to Dismiss.

Finally, this appears to be a case of first impression in Rhode Island. Due to the novelty of the issues and the volume of material which must be reviewed, counsel prays for this Court to certify this matter as complex litigation, and afford the defense an additional (60) days within which to meet the government's allegations.

In further support of this Motion, counsel relies upon the reasoning as set forth in the attached Memorandum of Law.

WHEREFORE, defendant, John Curran, respectfully prays that his Motion be granted and this Court enter an Order certifying this matter as complex litigation thereby affording the defense an additional 60 days of trial preparation.

**JOHN CURRAN,**

**By his attorney,**

Scott A. Lutes, #3502
127 Dorrance Street, 2nd Floor
Providence, RI 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**Statement Pursuant to Local Rule 12(f)**

Defendant avers that any delay occasioned by the making, hearing, or granting of this motion shall constitute in whole or in part, excludable time as defined by 18 U.S.C. § 3161(h).

**CERTIFICATION**

I hereby certify that I ~~mailed~~ hand-delivered a true and accurate copy of the within Motion to Certify Case as Complex Litigation, to Luis Matos, AUSA, U.S. Attorney's Office, 8th Floor, Fleet Center, Providence, RI 02903, on this the 17th day of January, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA :**
**Vs. : Cr. No. 05-102ML**
**JOHN CURRAN :**

**MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY CASE AS COMPLEX LITIGATION AND TO EXCLUDE ADDITIONAL TIME FOR PRE-TRIAL PREPARATION PURSUANT TO 18 U.S.C. § 3161(h)(8)(A)**

Title 18 U.S.C. § 3161 (h)(8)(A) allows the Court upon its own motion, or the motion of the defense or government, to delay a criminal trial and exclude time from the 70 day period allowed under the Speedy Trial Act. The basis for granting such a continuance is that the interests of justice are better served by taking such action and that those interests outweigh those of the public or defendant in a speedy trial.

The Court is required to make oral or written findings of fact to show that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

Section 3161 (h)(8)(B) outlines the factors the Court shall consider in determining whether to grant a continuance. Those factors are:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it

is unreasonable to expect return and filing of the indictment within the period specified in 3161 (b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the attorney for the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Mindful of these considerations, counsel avers that additional time is necessary in order to afford effective representation to his client. Counsel submits that failure to grant additional time would result in a fundamental miscarriage of justice. The government has the benefit of 4 years of investigation and preparation. As of the filing of this motion, present counsel for the defendant entered in the matter approximately 45 days ago. Additionally, discovery in this matter consists of boxes of material which were not collated or organized in any fashion, resulting in an inordinate amount of time to simply organize, let alone read and understand.

This case is highly unusual. To counsel's knowledge it is the first time in this district that a naturopathic doctor has been charged with wire fraud and money laundering for allegedly engaging in allopathic medicine. For that matter, it appears the government's position is that John Curran is not even a naturopathic doctor. Counsel is admittedly unfamiliar with naturopathic medicine and is only vaguely knowledgeable of allopathic medicine, thereby resulting in a crash course in gaining an understanding of these fields. Counsel must have an understanding of these fields because a jury will have to understand some of the concepts of these respective fields in order to reach a verdict.

Next, counsel has been working on a Motion to Dismiss the Indictment that has not been completed. It has not been completed due to lack of time to research and investigate the merits of the position. The motion contemplates the making of some

constitutional arguments. Due to the novelty and complexity of the issues additional time to research is required.

Counsel for the defendant avers that he has been practicing criminal law in Rhode Island for almost 20 years. During that time he has tried hundreds of misdemeanor cases and in excess of 50-60 jury trials in both state and federal courts ranging from white collar prosecutions which have lasted more than 6 weeks to murder cases. Counsel knows how to efficiently and effectively prepare a case such as this. Counsel has all ready devoted more than 150 hours to this matter in the short time he has been involved. Unfortunately, much more time is needed in order to afford effective representation.

Without the additional time a "miscarriage of justice" will surely inure.

WHEREFORE, defendant, John Curran, respectfully prays that his Motion be granted and the Court enter an Order certifying this matter as complex litigation thereby affording the defense an additional 60 days of trial preparation.

**JOHN CURRAN,**
**By his attorney,**

Scott A. Lutes, #3502
127 Dorrance Street, 2nd Floor
Providence, RI 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**CERTIFICATION**

I hereby certify that I ~~mailed~~ hand delivered a true and accurate copy of the within Memorandum to Luis Matos, AUSA, U.S. Attorney's Office, 8th Floor, Fleet Center, Providence, RI 02903, on this the 17 day of January, 2006.