**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **C.R. NO.: 05-102ML** |
| | : | |
| **JOHN CURRAN** | : | |

**MOTION FOR EXCULPATORY EVIDENCE WITH INCORPORATED MEMORANDUM OF LAW**

Now comes the Defendant in the above-entitled matter by and through his attorney and hereby moves this Honorable court for entry of an order requiring the United States to provide to him any and all actual and/or potentially favorable or exculpatory evidence relative to the issues of guilt or punishment as is known to the United States of America, its agents or representatives, including but not limited to the U.S. Food and Drug Administration, the Federal Trade Commission, the Federal Bureau of Investigation, the Internal Revenue Service, the State of Rhode Island, its agents or representatives, including but not limited to the Board of Medical Licensure, which is found within any law enforcement reports or investigative notes of law enforcement agents, or which may otherwise become known by the exercise of due diligence. This request includes any and all information within the possession or knowledge of the United States of America, the agencies above-referenced as well as any forensic laboratory agents or employees of any other entity; whether agents or employees, which could constitute exculpatory or favorable evidence within the meaning of Brady v. Maryland, 373 U.S. 83 (1962) and its progeny. See Also, Giglio v. United States, 405 U.S. 150 9172), U.S. v. Bagley, 473 U.S. 667 (1985), and Kyles v. Whitley, 514 U.S.

419 (1995). This request is not exclusive as to the information to be provided and disclosed, as the Defendant is unaware of the contents of the Federal Government's files and the law enforcement files to which the prosecution has access.

John Curran is charged with 19 counts of wire fraud and 4 counts of money laundering. In addition, the government is seeking criminal forfeiture of property and currency allegedly derived from, or used in furtherance of the illicit scheme. These offenses occurred as a result of a four (4) year investigation by the State of Rhode Island and the United States of America.

The defense in this case is predicated upon factual innocence. Fraud is a specific intent crime. Defendant Curran contends that he never had the requisite intent to commit fraud of any type. Moreover, Curran acted in good faith by practicing naturopathy in a manner he felt was consistent with applicable law.

Based upon what information the defense currently possesses and based upon what the defense believes may exist by way of exculpatory information, the instant Motion for Exculpatory Evidence is proffered. Precisely because the defense in not entirely aware of all of the information which could lead to exculpatory evidence, some of the instant requests are somewhat vague and broad but are designed to suggest areas of inquiry that the government may make into its case in an attempt to satisfy these requests.

It is the responsibility of the Federal Government to be familiar with all aspects of the law enforcement files which are considered to be in the control and knowledge of the prosecution. While the Government does not have a duty to discover and disclose information possessed by other federal, state, or local agencies that have no involvement in the investigation or prosecution at issue, See, U.S. v. Bender, 304 F.3d 161 (1st Cir.

2002), it is submitted and requested that the Court order the Federal Government to provide any and all actual and/or potentially favorable or exculpatory information related to guilt or punishment whether in the files of the United States Attorney's Office, or any of the entities mentioned above, forensic laboratories, or of any of the above's agents or employees. In light of this request and the burden upon the United States of America, the following specific Brady disclosures are requested:

1. Any and all evidence of any nature that the Defendant did not or may not have committed the crimes as alleged in this indictment.

2. Any and all statements, reports, documentation or knowledge by any law enforcement agent, investigator, unindicted co-conspirator, informant, whether confidential or known, or any other individual having any knowledge of the facts of this case which shows or tends to show that John Curran did not commit any of the acts alleged in the instant indictment, including, but not limited to:

    a) evidence that he legitimately obtained educational certificates or degrees;

    b) evidence that his conduct was fell within and was protected by, the Unlicensed Health Care Practitioners Act; R.I.G.L. 23-74-1, et.seq.;

    c) evidence that his conduct fell within the provisions of R.I.G.L. 23-74-5, the *Less Customary Approach,* section of the Unlicensed Health Care Practitioners Act.

d) evidence that Curran had prospective clients sign a Disclaimer indicating that he was not a medical doctor.

3. The entire criminal record of any witness who may be used to testify against John Curran, as well as any other information of criminal activity or involvement of such individuals, whether or not said activity resulted in criminal charges being filed or convictions being obtained.

4. Any and all demands or requests for immunity by any witness or potential witness whose information was relied upon by the government in either the investigation or prosecution or trial of this case.

5. Any and all demands or requests for immunity by any persons related to this investigation in any fashion.

6. Any and all offers of assistance, plea bargains, deals, etc., extended to any informants, unindicted co-conspirators, witnesses or individuals having knowledge of the facts of this case, whom the United States of America intends to or has used for any purpose in the preparation of this case, including investigation, grand jury appearances, pre-trial motions, trial or otherwise. This request includes but is not limited to any offers of leniency, assistance, forbearance of prosecution, forbearance of investigation as to this or other matter, as well as offers regarding sentencing, recommendations, sentence reductions, parole, and like offers of remuneration. Specifically, and without waiving the generality of the foregoing, defendant inquires as to any threats of prosecution or offers of immunity extended to Dennis Hardy or Jeffrey Bankert.

7. It is further requested that the United States of America provide the names and addresses of any agents, law enforcement officials or others involved in the negotiation of finalization of such agreement or bargain.

8. Any evidence of a confidential informant who reported knowledge of any aspect of this case. This request is intended to apprise the Defendant whether the United States of America has relied upon any information from confidential informants from the date of the incident to present. This request includes but is not limited to, the identity of any confidential informants, the basis of knowledge of any alleged confidential informants, a summary or verbatim account, if available, of the information provided by the confidential informant and the date or dates when said information became known to the United States of America.

9. A list of the names, addresses, and substance or transcript of any and all statements, whether written, recorded, or given orally of any witnesses whom the United States Government does not intend to use in its case in chief or otherwise in this case and who have knowledge of the facts relevant hereto, if potentially exculpatory, favorable or mitigating regarding issues of guilt and innocence and/or sentencing. Specifically, and without waiving the generality of the foregoing, defendant is aware that the government seized approximately 600 client files and has contacted many of them. The Indictment identifies, by initials only, nine (9) former clients and the defense is aware of only five (5) of those as having testified at the grand jury. Of the remaining 590 +/- clients, how

many of those contacted either provided exculpatory and or mitigating information?

10. Any evidence within the possession of the United States which is at odds with the version of facts related by the Government's witness, Dennis Hardy. Specifically, Hardy testified about his poor memory during his grand jury testimony and had to be refreshed with prior witness statements several times. Defendant seeks copies of prior statements or notes or prior interviews with Hardy wherein he testified or spoke of facts not mentioned in his grand jury testimony that is at odds with that testimony, inconsistent with that testimony, or which includes or leaves out information not mentioned in his testimony.

11. A full and complete statement of any and all promises, rewards and inducements of any kind, made by the Government, its prosecutors or its agents, and/or by state law enforcement agents working in conjunction with the Government in this case, to induce or encourage the giving of testimony or information and made to any prospective witness whom the Government intends to call at the trial of the above-captioned matter, and/or any person who assisted the Government in its investigation of the matter and/or testified at the Grand Jury.

12. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against any witness, including but not limited to:

   a) promises of non-prosecution of said witness(es), friends, or acquaintances for any offenses;

b) indications made to the witness that they are not the target of the investigation unless they fail to cooperate;

c) aid or assistance to the witness in procuring a job or similar benefit, or aid or assistance with expenses related to their cooperation in the matter;

d) promises that cooperation will be brought to the attention of judicial authorities, parole or probation authorities, or others, for the benefit of the person providing the cooperation or for any person acquainted with the person cooperating;

e) any indication that failure to cooperate would result in some adverse action against the person whose cooperation was sought;

13. Any criminal prosecutions, investigations, or potential prosecutions pending or that could be brought against any witness.

14. Any probationary, parole, deferred prosecution, or custodial status of any witness.

15. Any civil, tax court, court of claims, administrative, or any pending legal dispute or transaction in which any witness is involved, and in which any state or the Federal Government has any real, apparent or perceived influence;

16. Any evidence that may be used to impeach or discredit any witness the Government intends to call at trial, including but not limited to, inconsistent statements of a witness or between witnesses, statements of

bias or prejudice against the defendant by a witness, or admissions of poor memory of a witness.

17. Any statements, testimony, or evidence from any individual or entity having knowledge of this case which is inconsistent with.

    a. any portion of the government's evidence or theory of the case;

    b. other statements by that individual witness;

    c. any statements of other witnesses; or

    d. that may affect any witness' credibility.

18. Any and all evidence that would impeach any of the government's witnesses or reflect unfavorably upon him or her.

19. Particularly since the subject matter of this case involves medical/legal issues, any and all records indicating that a witness has received treatment or has been hospitalized for psychological or psychiatric problems, alcoholism, or drug abuse. The defense has some limited knowledge of Glenn Lynch suffering from some type of substance abuse and/or addiction, but is without particular knowledge.

20. Any and all information related to any person investigated as a suspect in any of the incidents alleged in the instant indictment.

21. Any indication that any agent of the Federal Government involved in this case has ever been the subject of any reprimand, internal disciplinary action or proceeding particularly as it relates to the issue of honesty, truthfulness or mishandling of evidence.

22. The full record of arrest and/or criminal convictions of any prospective witness the Government intends to call at trial, and if a witness has been incarcerated pursuant to a conviction, records from any institution at which he/she has been incarcerated. The defense is specifically aware of Glenn Lynch having been an instrumental part of the initiation of this investigation. The defense is also aware, although only vaguely, that Lynch was recently incarcerated and possibly treated for substance abuse. The defense seeks all of these records as well.

Respectfully submitted,

John Curran,

By his Attorney,

SCOTT A. LUTES (#3502)
127 Dorrance Street
Providence, Rhode Island 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**Statement Pursuant to Local Rule 12(f)**

Defendant avers that any delay up to the Defendant's request of thirty (30) days, occasioned by the making, hearing, or granting of this motion will constitute in whole or in part excludable time as defined by 18 U.S.C. § 3161(h).

**CERTIFICATION**

I, the undersigned do hereby certify that I ~~mailed~~ hand-delivered a true and accurate copy of the within Motion by regular, postage pre-paid mail to Luis Matos, Esquire, Assistant United States Attorney, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903 on the 17th day of January, 2006.