**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Vs.** | : | **Cr. No. 05-102ML** |
| **JOHN CURRAN** | : | |

**MOTION FOR BILL OF PARTICULARS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Now comes the defendant, John Curran, by and through his attorney and hereby moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 7(f), for an order directing the government to file a bill of particulars as to the following matters:

1. Whether the government contends that the fraud that constitutes the basis for the allegations of their Indictment is that John Curran was not a medical doctor, was not a naturopathic doctor, or both?
2. What acts does the government allege the defendant committed that fell outside the bounds of R.I.G.L. 23-74-1, et.seq.,?
3. What specific law(s) of the United States of America or the Rhode Island General Laws did John Curran violate in order to trigger the allegations of wire fraud and money laundering?
4. The specific location within the district where the substantive offense(s) was committed. *United States v. Honneus, 508 F.2d 566 (1st Cir. 1974).*
5. The names and addresses of all alleged victims identified only by their initials in Counts 4 -19 of the Indictment.

6. The manner of fraud allegedly perpetrated upon each of the alleged victims identified in Counts 4-19 of the Indictment.
7. The form of unlawful activity alleged in Counts 20-23 which supports the allegation of money laundering.
8. The particular means by which the defendant allegedly laundered illegal monies.
9. The identity of any and all people or entities who aided, abetted or assisted the defendant, in any way, to perpetrate the crimes alleged.
10. The total dollar amount the government alleges as constituting the amount of fraud the defendant is responsible for in the alleged wire fraud scheme.
11. The total dollar amount alleged by the government as constituting the amount of money defendant allegedly illegally laundered.
12. The specific means by which defendant utilized interstate or foreign wire communications in furtherance of the scheme to defraud.

A bill of particulars should be granted whenever the Indictment's failure to provide factual or legal information results in a significant impairment of a defendant's ability to prepare his defense, or is likely to lead to prejudicial surprise. *United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993).* The matters and particulars hereinabove requested are essential to enable the defendant to be adequately apprised of the nature and scope of the accusations against him, as guaranteed by the Sixth Amendment to the Constitution, to have an opportunity to adequately prepare his defenses, to avoid prejudicial surprise at trial, to clarify the issues herein and avoid confusion and delay at trial, and to enable the defendant to be protected against a second prosecution for the

same offense and plead double jeopardy thereto, as guaranteed by the Fifth Amendment to the Constitution.

In the case at bar, the defense is left with no citation of law that constitutes the basis for the underlying wire fraud counts. Additionally, alleged victims of the wire fraud scheme are identified only by initials thereby thwarting defense attempts to investigate the case and interview witnesses. Counsel has an ethical obligation to his client to contact the witnesses against him and to prepare an adequate defense. *Generally, R.I. Supreme Court Rule, Art .V, Rules 1.1, 1.3.* Without knowing specifically what laws he's alleged to have broken, nor the names and addresses of the people making the allegations against him, nor the manner in which he is alleged to have defrauded them, the defendant is unable to adequately defend himself thereby resulting in a violation of his Constitutional rights.

Defendant Curran moves this Court to enter an Order instructing the government to indicate whatever knowledge or information it may have and shall furnish further particulars upon obtaining further knowledge or information prior to trial.

**JOHN CURRAN,**
**By his attorney,**

Scott A. Lutes, #3502
127 Dorrance Street, 2nd Floor
Providence, RI 02903
Telephone: (401) 861-1142
Facsimile: (401) 490-3207

**Statement Pursuant to Local Rule 12(f)**

Defendant avers that any delay occasioned by the making, hearing, or granting of this motion will constitute in whole or in part, excludable time as defined by 18 U.S.C. § 3161(h).

**CERTIFICATION**

I hereby certify that I ~~mailed~~ hand-delivered a true and accurate copy of the within Motion for Bill of Particulars with Incorporated Memorandum of Law to Luis Matos, AUSA, U.S. Attorney's Office, 8th Floor, Fleet Center, Providence, RI 02903, on this the 17th day of January, 2006.