**IN THE DISTRICT COURT FOR THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-102ML |
| | ) | |
| JOHN CURRAN | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO CERTIFY CASE AS COMPLEX LITIGATION AND TO EXCLUDE ADDITIONAL TIME FOR PRE-TRIAL PREPARATION PURSUANT TO 18 U.S.C. § 3161(h)(8)(A) OF THE SPEEDY TRIAL ACT**

Now comes the United States and hereby objects to defendant, John Curran's, Motion to Certify this matter as Complex Litigation for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2006, I caused to be sent via first class regular mail, a true copy of the within Government's Objection to Defendant's Motion to Certify Case as Complex Litigation and to Exclude Additional Time for Pre-Trial Preparation Pursuant to 18 U.S.C. § 3161(h)(8)(A) of the Speedy Trial Act to:

Scott A. Lutes, Esq.
127 Dorrance Street
2nd Floor
Providence, R.I. 02903

**IN THE DISTRICT COURT FOR THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-102ML |
| | ) | |
| JOHN CURRAN | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO CERTIFY CASE AS COMPLEX LITIGATION AND TO EXCLUDE ADDITIONAL TIME FOR PRE-TRIAL PREPARATION PURSUANT TO 18 U.S.C. § 3161(h)(8)(A) OF THE SPEEDY TRIAL ACT**

Defendant, John Curran, has filed a motion for an extension of time which he has couched as motion to certify this case as complex litigation. Curran requests the extension of time because: (1) there are number of counts in this case and because the allegations stretch back as far as 2002;[1] (2) counsel has received voluminous discovery; (3) counsel needs additional time to formulate a motion to dismiss; and (4) this is a case of first impression in Rhode Island. The United States opposes defendant's motion

**DISCUSSION**

The Speedy Trial Act allows for certain periods of exclusion of time where warranted to meet ends of justice. 18 U.S.C.A. §§ 3161(h)(8). Of relevance to the motion at issue, a period may be deemed excludable where:

> the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact

---

[1] He also claims, incorrectly, that the United States has been investigating this matter for 4 years.

> or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section

18 U.S.C. § 3161 (h)(8)(B)(ii).

"A trial court is vested with broad discretion to grant a speedy trial exclusion when in its view the case's complexity makes it necessary to grant counsel additional time to prepare in order to ensure a fair trial" United States v. Astra Motor Cars 352 F. Supp. 2d 367, 369 (E.D.N.Y., 2005), citing United States v. Breen, 243 F.3d 591 (2d Cir.2001); United States v. Gambino, 59 F.3d 353 (2d Cir.1995). However, "the length of an exclusion under §§ 3161(h)(8)(B)(ii) should reasonably be related to the actual needs of the case, and should not be used either as a calendar control device or as a means of circumventing the requirements of the Speedy Trial Act." Id., quoting United States v. LoFranco, 818 F.2d 276 (2d Cir.1987). This case is not a complex case and defendant has failed, in his motion, to explain how this case can be distinguished from other wire fraud cases.

Defendant was indicted on September 16, 2005. Although he is charged with 19 counts of wire fraud, in violation of 18 U.S.C. § 1343, the counts all arise out of the same general course of conduct, as alleged in the Indictment. Similarly, defendant is charged with money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A) (i). All four counts arise out of the same basic allegation, that he conducted the financial transactions listed at counts 20 through 23 to further his scheme to defraud.

Discovery was initially produced on October 17, and 21, 2005. Approximately two boxes of documents were produced along with certain undercover tape recordings and a digital image of defendant's computer. More recently, discovery was supplemented on January 12, 2006, by which defendant was provided with a copy of a handwriting analysis and its underlying support. In addition,

defendant was advised on October 17th that there is additional voluminous material that the government has in its possession, including customer files, which were not copied because of their voluminous nature. Defendant was advised that the government may introduce summary testimony regarding its review of the customer files but that the government does not presently intend to use the remainder of the documents in its case in chief, however they are available for defendant's review. To date, defendant has failed to schedule any review of the documents.

Time was originally extended in this case on October 24, 2005, to and including January 4, 2006, for defendant to file his motions. Defendant changed counsel in the interim, on December 1, 2005, and failed to meet January 4th deadline. He was granted another extension, to an including January 17, 2006, to file motions. He now states, for the first time, that he needs additional time to file a motion to dismiss. The discovery in this case is not voluminous – two boxes and the undercover tape recordings. The material that is otherwise available to defendant is voluminous, but it is material that has been available for more than three months.

Moreover, all the material that has been produced is evidentiary matter which must be reviewed in preparation for trial. However, review of the material, whether delayed by defendant or not, should not have hindered defendant's ability to file a motion to dismiss. A motion to dismiss must be based upon a legal challenge to the validity of the Indictment and may not be based upon a factual challenge to the charges at hand. Therefore, a failure to review the documents should not have precluded the filing of a motion to dismiss.

> A pretrial motion is generally "capable of determination" before trial if it involves questions of law rather than fact. [Fed. R. Crim. P.] 12(b) ensures trial will be efficient and that the defendant will raise objections

> which are capable of determination without necessitating a "mini trial" of the general issue before the actual trial on the merits. A claim that is raised on a pretrial motion to dismiss must go to the jury if the claim is substantially intertwined with the evidence concerning the alleged offense.

United States v. Taylor, 931 F. Supp. 1447, 1450 (N.D. Ind. 1996)(Emphasis added)(Citations omitted). At this stage in the proceedings, defendant has had ample opportunity to test the Indictment "by its sufficiency to charge an offense, regardless of the strength or weaknesses of the government's case." United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988), citing, United States v. Sampson, 371 U.S. 75, 78-79.

Defendant has not challenged the sufficiency of the charge, which, presumably would be a question of law. Rather he requests additional time to mount such a challenge which presumably will be based upon his review of the evidence and would involve questions of fact.[2] Such a challenge would be untimely and would violate Rule 12(b). Because, defendant has had ample opportunity to present any appropriate legal challenges to the Court, the purported need to review the discovery is not a valid ground for an extension to file a motion to dismiss.

Finally, this case is not a case of first impression. The is a wire fraud and money laundering case. The nature of the scheme, as alleged in the Indictment, may be novel in that the Indictment charges that defendant created a corrupt practice by which he swindled his customers. However, there has been nothing in this case, other than defendant's penchant for changing counsel, that has

---

[2] Defendant also posits that responses to his request for bill of particulars will aid in his preparation of a motion to dismiss. The United States opposes the request for a bill of particulars for the reasons set out in its response to defendants request.

hindered, or provided any significant obstacles to, the preparation of this matter for trial.

## CONCLUSION

For the foregoing reasons, defendant's motion to certify this case as complex litigation should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2006, I caused to be sent via first class regular mail, a true copy of the within Government's Memorandum in Support of its Objection to Defendant's Motion to Certify Case as Complex Litigation and to Exclude Additional Time for Pre-Trial Preparation Pursuant to 18 U.S.C. § 3161(h)(8)(A) of the Speedy Trial Act to:

Scott A. Lutes, Esq.
127 Dorrance Street
2nd Floor
Providence, R.I. 02903

[signature]