**IN THE DISTRICT COURT FOR THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-102ML |
| | ) | |
| JOHN CURRAN | ) | |

**GOVERNMENT'S OBJECTION TO**
**<u>DEFENDANT'S MOTION FOR BILL OF PARTICULARS</u>**

Now comes the United States and hereby objects to defendant's Motion For Bill of Particulars for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2006, I caused to be sent via first class regular mail, a true copy of the within Government's Objection to Defendant's Motion for Bill of Particulars to:

Scott A. Lutes, Esq.
127 Dorrance Street
2nd Floor
Providence, R.I. 02903

K Anderson
_______________________

IN THE DISTRICT COURT FOR THE UNITED STATES

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-102ML |
| | ) | |
| JOHN CURRAN | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The defendant has moved for a bill of particulars seeking the particulars regarding a number of enumerated requests. The government objects to defendant's motion because the Indictment sufficiently apprizes the defendant of the specific charges against him and because the discovery in this case has more than adequately provided defendant with the requested information.

I. Bills of Particulars Are Disfavored

Bills of Particulars are governed by Fed. R. Crim. P. 7(f), which provides,

> [t]he court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

"The function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against trial, and to protect against double jeopardy." United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992). However, as the First Circuit stated in United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993),

> [m]otions for bills of particulars are seldom employed in modern federal

> practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.

Id. at 1192-93. Where the indictment or discovery provide the sought after details, a bill of particulars should be denied. Id. at 1193. In Sepulveda, the Court noted that

> both appellants enjoyed the benefits of modified open-file discovery, i.e., automatic discovery that encompassed all relevant data except Jencks Act material related to witnesses not employed in law enforcement. Neither appellant convincingly relates a concrete instance of inability to prepare, untenable surprise, or other cognizable prejudice stemming from the trial court's refusal to mandate further particulars.

Id.; see also United States v. Leach, 427 F.2d 1107, 1109 (1st Cir. 1970).

A bill of particulars is not to be used as a general discovery device, nor does Rule 7(f) entitle a defendant to a list of the government's prospective witnesses. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978); United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v. Dubon-Otero, 76 F.Supp.2d 161, 168 (D.P.R. 1999). A bill of particulars should not be granted to obtain evidentiary detail. United States v. Johnson, 504 F.2d 622 (7th Cir. 1974); Addonzio, 451 F.2d at 64. To grant a bill for evidentiary detail would be tantamount to unduly restricting the government in presenting its proof at trial or requiring the government to give a preview of its case. United States v. Connery, 1988 WL 215390 (D.Conn).

The government submits that all of the defendant's requests for particularization of the Indictment fall under these prohibitions. "Because a bill of particulars confines the Government's proof to particulars furnished, requests for a bill of particulars should not be granted where the consequence

would be to restrict unduly the Government's ability to present its case." United States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987).

II. Defendant's Requests

Defendant makes a number of requests. In essence, they all seek evidentiary detail and affirmative statements requesting a preview of the United States' case that are inappropriate at this stage of the proceedings. The Grand Jury in this matter has issued a particularized Indictment. In addition, the United States has produced approximately two boxes of discovery which include Grand Jury testimony and interview reports of all the factual witnesses that it presently intends to introduce at trial, including all the victims identified in the Indictment that have provided either Grand Jury testimony or have been interviewed, as well as other witnesses that may not testify. Nothing more is required at this stage as a review.

Requests Nos. 1, 2, and 3

Defendant requests affirmative statement regarding what the government contends constituted improper conduct by the defendant, such as a request for a statement regarding what laws were violated (request no. 3). The scheme to defraud, including legal citations, is sufficiently outlined in the Indictment.

Requests Nos. 4, 6, 7, and 9

Requests 4, 6, 7, and 9 seek particularized factual information, such as a request for statement identifying bad acts by the defendant (request no. 2). The allegations are sufficiently detailed in the Indictment and the factual support has been provided in discovery, including witness statements and testimony.

Request No. 5

Defendant seeks the names and addresses of the victims listed in the indictment. The names of the victims was provided to defendant by letter dated October 14, 2005. The government does not concede that it has an obligation to provide the addresses of the victims, but notes that they are contained in the discovery that has been produced.

Request Nos. 8 and 11

Defendant seeks particularized information regarding the money laundering charges. The matter is sufficiently charged at Counts 20 through 24, wherein each specific transaction is listed.

Request No. 10

Defendant seeks information regarding the total amount of the fraud. The government notes that the total amount of the fraud is not an essential element of the crimes charged.[1] Nonetheless, the Indictment states, at paragraph 42, that Curran provided approximately $1,410,095 in fraudulent treatments to 354 clients. In addition, Counts

---

[1] In order to prove a violation of 18 U.S.C. § 1343, the government need only prove:

> First: There existed a scheme, substantially as charged in the indictment, to defraud;
>
> Second: The defendant knowingly and willingly participated in the scheme to defraud; and
>
> Third: Interstate or foreign wire communications were used in furtherance of the scheme, on or about the date charged.

First Circuit Pattern Jury Instructions § 4.13

5 through 19 identify specific amount obtained from the customers that are the subject of each count. Nothing more is required.

Request No. 12

Defendant seeks the specific means by which defendant utilized the wires to further his scheme. Each wire is specifically identified in the Indictment. The documentary evidence supporting each wire has been produced. Nothing more is required.

Accordingly, to a greater extent than that recognized in Sepulveda (where Jencks material apparently was not provided) defendant has enjoyed the benefits of open-file discovery and has failed support a concrete instance of inability to prepare or cognizable prejudice that may result form a denial of his request.

**CONCLUSION**

For the reasons stated above, the United States respectfully request that the Court deny defendant's motion for a bill of particulars.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2006, I caused to be sent via first class regular mail, a true copy of the within Government's Memorandum in Support of its Objection to Defendant's Motion for Bill of Particulars to:

Scott A. Lutes, Esq.
127 Dorrance Street
2nd Floor
Providence, R.I. 02903

K Anderson
______________________