**IN THE DISTRICT COURT FOR THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 05-102ML
)
JOHN CURRAN )

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRESERVE ROUGH NOTES AND WRITINGS**

Defendant has filed a motion for the preservation of rough notes and writings of government agents affiliated with this case because they "may fall within the ambit of the Jencks Act, so called, 18 U.S.C. § 3500, and may constitute exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), but without an Order preserving them, counsel will never know." Defendant has not offered any support for his theory that the material is discoverable.

The United States does not concede that the material is discoverable. See United States. v. Sepulveda 15 F.3d 1161, 1179 (1st Cir. 1993) ("The materials in question consist of various police files, including interview notes. We have reviewed these materials and agree with the lower court that they are outside the purview of the Jencks Act, 18 U.S.C. §§ 3500, for two reasons. First, to be discoverable under the Jencks Act, a government record of a witness interview must be substantially a verbatim account. See United States v. Newton, 891 F.2d 944, 953-54 (1st Cir.1989). Second, the account must have been signed or otherwise verified by the witness himself. See United States v. Gonzalez-Sanchez, 825 F.2d 572, 586-87 (1st Cir.), cert. denied, 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987). The police files at issue here, including the interview notes, do not meet either of

these guidelines and are, therefore, non-discoverable.); United States v. Neal 36 F.3d 1190,1197 - 1199 (1st Cir. 1994)("It is clear from a reading of the authorities cited in Sepulveda, however, that this Court interprets the Jencks Act as requiring *either* a showing that the statement is a substantially verbatim account *or* that it was adopted by the witness"). Nonetheless, the government agents presently assigned to this matter have been advised that to rough notes, to the extent that they exist.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2006, I caused to be sent via first class regular mail, a true copy of the within Government's Response to Defendant's Motion to Preserve Rough Notes and Writings to:

Scott A. Lutes, Esq.
127 Dorrance Street
2nd Floor
Providence, R.I. 02903

K. Anderson