***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

UNITED STATES OF AMERICA

v. CR. No. 05-102-ML

JOHN E. CURRAN

***MOTION OF THIRD-PARTY WITNESS, JENNIFER JUDKINS, M.D., TO QUASH TRIAL SUBPOENA***

Pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, the third-party witness, Jennifer Judkins, M.D.,[1] hereby moves to quash a trial subpoena served upon her by the United States of America.

The Subpoena seeks documents and testimony regarding Dr. Judkins's treatment of Steven Gillikin. The disclosure of Mr. Gillikin's medical records and treatment by Dr. Judkins, at this time, and in the manner requested by the United States would violate the Health Insurance Portability and Accountability Act ("HIPAA"), and the regulations promulgated thereunder.

In support of this motion, Dr. Judkins relies on the accompanying memorandum of law.

JENNIFER JUDKINS, M.D. and
ENT AND ALLERGY, INC.,
By their attorneys,

Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: March 23, 2006

[1] The medical records subpoenaed by the United States are the property of Dr. Judkins's employer, ENT and Allergy, Inc. Although it has not been subpoenaed, ENT and Allergy, Inc., joins in on this motion.

## *CERTIFICATE OF SERVICE*

I hereby certify that I forwarded a copy of the within motion to Scott A. Lutes, Esq., 127 Dorrance Street, 2nd Floor, Providence, RI 02903 and to Luis M. Matos, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, on the 23rd day of March, 2006.

In addition, I hereby certify that a copy of this motion has been forwarded by certified mail, return receipt requested, and by regular mail, to Mr. Steven Gillikin, 233 Pavillion Avenue, Providence, RI 02905.

***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

UNITED STATES OF AMERICA

v. CR. No. 05-102-ML

JOHN E. CURRAN

***MEMORANDUM IN SUPPORT OF MOTION OF THIRD-PARTY WITNESS, JENNIFER JUDKINS, M.D., TO QUASH TRIAL SUBPOENA***

Pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, the third-party witness, Jennifer Judkins, M.D.,[2] has moved to quash a trial subpoena served upon her by the United States of America.

The Subpoena seeks documents and testimony regarding Dr. Judkins's treatment of Steven Gillikin. The disclosure of Mr. Gillikin's medical records and treatment by Dr. Judkins, at this time, and in the manner requested by the United States would violate the Health Insurance Portability and Accountability Act ("HIPAA"), and the regulations promulgated thereunder.

***Argument***

Pursuant to HIPAA, the Code of Federal Regulations prescribes very specific measures for a party to obtain confidential medical information of another in connection with judicial proceedings:

> e) ***Standard: Disclosures for judicial and administrative proceedings.***
>
> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

[2] The medical records subpoenaed by the United States are the property of Dr. Judkins's employer, ENT and Allergy, Inc. Although it has not been subpoenaed, ENT and Allergy, Inc., joins in on this motion. Collectively, however, they will be referred to as "Dr. Judkins."

(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

(iii) For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protecting health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:

(A) The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address);

(B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

(iv) For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating
that:

(A) The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute; or

(B) The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.

(v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

(vi) Nothwithstanding paragraph (e)(1)(ii) of this section, a covered entity may disclose protected health information in response to lawful process described in

> paragraph (e)(1)(ii) of this section without receiving satisfactory assurance under paragraph (e)(1)(ii)(A) or (B) of this section, if the covered entity makes reasonable efforts to provide notice to the individual sufficient to meet the requirements of paragraph (e)(1)(iii) of this section or to seek a qualified protective order sufficient to meet the requirements of paragraph (e)(1)(iv) of this section.
>
> (2) Other uses and disclosures under this section. The provisions of this paragraph do not supersede other provisions of this section that otherwise permit or restrict uses or disclosures of protected health information.

45 C.F.R. § 164.512(e) ("§ 164.512(e)").

Under § 164.512(e)(1)(i), Dr. Judkins cannot disclose any medical information pertaining to Mr. Gillikin absent a Court Order. Dr. Judkins is unaware of any such order having been entered in the case, and she certainly has not been served with one.

Under § 164.512(e)(1)(ii), Dr. Judkins may produce information responsive to a subpoena, but only may do so if the "satisfactory assurances" required in § 164.512(e)(1)(ii)(A) or (B) have been provided.[3] The United States has not provided *any* such assurances at all.

Given the foregoing, it is now incumbent on Dr. Judkins to seek the protective order discussed in § 164.512. The need for an Order quashing the Subpoena is highlighted by the fact that Dr. Judkins has consulted with Mr. Gillikin, and ***Mr. Gillikin has expressly refused to consent*** to allowing Dr. Judkins to turn his medical records over to, or discuss them with, the United States.

To be clear, Dr. Judkins does not take any position on the merits of whether Mr. Gillikin's medical information is relevant to the criminal proceedings against Mr. Curran. Further, Dr. Judkins regrets being placed in the middle of a criminal prosecution and a defense thereto.

However, HIPAA makes it incumbent upon Dr. Judkins to press this motion, and requires Mr. Gillikin to present to the Court any position he may have regarding the release of these documents, and counsel to Dr. Judkins has advised Mr. Gillikin of that in writing. The position

[3] The definition of the "satisfactory assurances" to be provided are contained in § 164.512(e)(1)(iii) and (iv), as applicable.

taken here is simply that Dr. Judkins cannot turn these records over, nor can Dr. Judkins testify about her treatment of Mr. Gillikin, without complete and unequivocal compliance with HIPAA.

### *Conclusion*

For the reasons set forth herein, Dr. Judkins respectfully moves this Court for an Order quashing the Subpoena directed to her to produce documents about, and testify about, her treatment of Mr. Gillikin.

JENNIFER JUDKINS, M.D. and
ENT AND ALLERGY, INC.,
By their attorneys,

Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: March 23, 2006

### *CERTIFICATE OF SERVICE*

I hereby certify that I forwarded a copy of the within memorandum to Scott A. Lutes, Esq., 127 Dorrance Street, 2nd Floor, Providence, RI 02903 and to Luis M. Matos, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, on the 23rd day of March, 2006.

In addition, I hereby certify that a copy of this memorandum has been forwarded by certified mail, return receipt requested, and by regular mail, to Mr. Steven Gillikin, 233 Pavillion Avenue, Providence, RI 02905.