UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

vs. Cr. No. 05-102ML

JOHN CURRAN

**DEFENDANT'S OBJECTION TO GOVERNMENT'S MOTION IN LIMINE REGARDING TESTIMONY OF FORMER CLIENTS**

During the final pre-trial conference in this matter heard before the Court on May 10, 2006, the government raised a pre-emptive objection to defense testimony from former clients of Dr. John Curran's as to the medical diagnoses they were given prior to treatment by Dr. Curran. Likewise, the government expressed its intention to object to testimony by these same clients as to the effects his alternative health care treatments had upon their physical condition.

Presumably, the government's objection is premised upon Federal Rule of Evidence 702 which requires, in essence, qualification of the witness as an expert prior to the expression of opinion upon a scientific, technical, or other specialized field. Additionally, the defense assumes the government's objection to diagnosis testimony would be that it is hearsay under Rule 801.

The defendant submits that such testimony is clearly admissible under Federal Rules of Evidence 701, 801 and 803(4). First, these witnesses have personal knowledge of how they felt both before and after their treatment by Dr. Curran thereby clearly satisfying Rule 701. Any objection would be to the weight, not admissibility, since

presumably, the salutary effects could have been from other sources. Second, the witness's statements as to their physical condition or diagnosis prior to treatment by Dr. Curran are admissible to show why they sought treatment from Dr. Curran in the first place and are admissible as statements of medical history made for purposes of treatment.

The defense witnesses clearly should be allowed to testify how they felt at a given time before and after treatment because they have personal knowledge of that fact under Rule 701 and it is not susceptible to expert opinion. The witness may then testify that they went to a doctor who made a diagnosis.

The doctor's diagnosis, is admissible under two theories. First, it is not offered to prove the truth of the matter asserted, e.g., that the person had cancer or high blood pressure, but it is offered to explain why the person sought alternative health care from Dr. Curran, thereby not falling within the prohibition of Rule 801. Statements of diagnosis are clearly admissible to explain subsequent actions and are not hearsay under Rule 801. This is analogous to out of court statements by police dispatchers to be on the lookout for bank robbers matching a certain description. Such statements are routinely let in at trial not to prove the truth of the matter asserted, but to demonstrate why the officers pulled an individual over at a given time. If the significance of an offered statement lies solely because it is made and there is no issue as to the truth of anything asserted, then the statement is not hearsay.

Secondly, it is admissible under 803(4) as "a statement made for medical treatment or diagnosis and describing medical history, past or present symptoms, . . . as reasonably pertinent to diagnosis or treatment." In this case, statements of medical history

are pertinent to the issue of subsequent treatment by Dr. Curran. Additionally, by law, Dr. Curran, a naturopath, was prohibited from making a diagnosis, and was limited to recommending a treatment, nutritional protocol or healing method, based upon a pre-diagnosed condition. It is absolutely necessary that the witness be allowed to testify about their diagnosis in order for a jury to consider whether Dr. Curran's treatment was fraudulent.

WHEREFORE, in light of the foregoing, the defendant respectfully prays that the Government's Motion in Limine be DENIED.

**Respectfully submitted,**
**John Curran,**
**By his attorney,**

**Scott A. Lutes, R.I. Bar No. 3502**
**127 Dorrance Street, 2nd Floor**
**Providence, RI 02903**
**Telephone: (401) 861-1142**
**Facsimile: (401) 490-3207**

## CERTIFICATION

I hereby certify that I electronically mailed a true and accurate copy of the within Objection, to Luis.Matos@USDOJ.Gov on the 14th day of May, 2006, and by hand-delivering a copy of same to Luis M. Matos, AUSA, U.S. Attorney's Office, Fleet

Center, 8th Floor, 50 Kennedy Plaza, Providence, RI 02903,on this the 15th day of May, 2006.