**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CR. NO. 05-102ML** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. CURRAN** | : | |

**UNITED STATES' MEMORANDUM IN REPLY TO DEFENDANT'S OBJECTION TO UNITED STATES' MOTION IN LIMINE REGARDING TESTIMONY OF FORMER CLIENTS**

## I. Introduction

Defendant has filed a pleading entitled "Objection to Government's Motion in Limine Regarding Testimony of Former Clients." Defendant has filed his objection in response to what he recalls to be an issue raised by the United States during the pretrial conference concerning testimony from defendant's former clients. Defendant argues in his objection that he may introduce testimony from his former clients concerning their physical condition prior to and after treatment by defendant because such testimony is appropriate lay witness testimony within the realm of his clients' personal knowledge. Defendant also contends that his former clients may testify concerning his diagnoses of them prior to treatment because such statements fall outside the realm of hearsay under Federal Rule of Evidence 803(4) in that they constitute statements made for medical treatment or diagnosis.

Defendant is correct in that the United States objects to the proffered testimony, but not for the reasons he has articulated. The testimony of defendants' former clients is inadmissible because it is irrelevant to whether he possessed the intent to defraud. For that reason, the testimony should be excluded.

## II. Argument

For evidence to be admissible, it must first and foremost be relevant to the issues before the jury. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Defendant is guilty of mail fraud if he knowingly and willfully participated in a scheme to defraud with the intent to defraud. The actual success of the fraud is irrelevant to whether the defendant intended to defraud his victims. See United States v. Pimental, 380 F.3d 575, 585 (1st Cir. 2004). Accordingly, in mail and wire fraud cases courts have repeatedly excluded testimony from individuals stating that they were not defrauded by the defendant's actions.

For example, in United States v. Elliot, 62 F.3d 1304 (11th Cir. 1996), the defendants, investment managers, were charged with defrauding investors through the use of an elaborate Ponzi scheme. On appeal the defendants argued that the district court erred in excluding testimony from satisfied customers. Citing Rule 401, the court held that "[t]he fact that [defendants] avoided wrongdoing in their dealings with five customers not named in the indictment is inconsequential in determining whether both made fraudulent representations to the nineteen victims listed in the indictment." Elliot, 62 F.3d 1308. The court rejected the defendants' argument that proof of satisfied customers was relevant to the issue of their intent to defraud, noting that proof of that element derived from the substance of the misrepresentations defendants made to their customers. Id.

Similarly, in United States v. Vest, 116 F.3d 1179 (7th Cir. 1997), Vest, a doctor, was charged with wire fraud in connection with his ordering medically unnecessary tests and billing

for them. At trial, one area of cross-examination of the United States' medical experts sought by the defense was intended to show that some of the tests Vest ordered were in fact medically necessary. The circuit upheld the district court's limitation on that line of questioning stating that "[i]f in hindsight it turns out that, considering patients' pre-visit and post-visit records, the tests Vest ordered were medically necessary, that is merely a fortuitous coincidence. It does not rebut the inference that Vest had a fraudulent intent when he ordered the tests with the data he had. As we stated in a strikingly similar case, the defendant's intent to defraud does not turn on whether some of the clients actually needed such treatment it is enough that the defendant thought at the time that they did not or that he made the decision without regard to whether there was a need therefor." Id. at 1184. In the instant case, the fact that some of defendant's clients may have felt better after drinking the E-water or Green drink he induced them to purchase after lying about his credentials and providing them with a fraudulent diagnosis is irrelevant to whether he intended to defraud them. See also United States v. Brien, 617 F.2d 299, 311 (1st Cir. 1980) (If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort concepts. The only issue is whether there is a plan, scheme or artifice to defraud."); United States v. Berneano, 161 F.3d 3, 1998 WL 553445 (4th Cir. Aug. 28, 1998) ("The perception of the victim or target of the scheme is ultimately irrelevant to whether [defendant] devised a scheme or acted with the requisite intent to defraud.") (attached); United States v. Biesiadecki, 933 F.2d 539, 543-44 (7th Cir. 1991) (district court properly excluded testimony from customers not named in indictment who did not feel deceived by defendant's sales presentation because such testimony was irrelevant to whether defendant's conduct was

fraudulent). Accordingly, the testimony of defendant's clients should be excluded.[1]

## III. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court exclude any and all testimony of defendant's former clients.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Dated: May/8, 2006

LUIS M. MATOS
Assistant U.S. Attorney

---

[1] Should the Court decide to allow the testimony of defendants' former clients, the United States respectfully suggests that the witness' testimony is limited to how they may have felt before and after their consultations with the defendant. Any testimony concerning the defendant's "diagnoses" of them should be excluded because is constitutes hearsay. The defendant's diagnoses of his clients do not fall within the 803(4) exception to the hearsay rule. Under Rule 803(4), in order for the admission of out-of-court statements: "(1) the statements must be made for purposes of diagnosis or treatment (2) about (i) medical history (ii) or past or present symptoms, pain, or sensations or (iii) about the inception or general character of the cause or external source thereof (3) insofar as they are reasonably pertinent to diagnosis or treatment." Danaipour v. McLarey, 386 F.3d 289, 297 (1st Cir.2004) (footnote omitted). Defendant cannot meet that standard in this case as to his diagnoses of his clients. Furthermore, in general, under Rule 803(4), "the declarant's motive to promote treatment or diagnosis is the factor crucial to reliability." Danaipour, 386 F.3d at 298. The same cannot be said for defendants' diagnoses. Indeed, the Indictment specifically alleges that the defendant provided his clients with fraudulent diagnoses in order to induce them to purchase the products and treatments he was offering for sale. Indictment ¶¶ 27-34.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2006, I caused to be served by hand delivery a true copy of the within United States Memorandum in Reply to Defendant's Objection to United States Motion in Limine Regarding Testimony of Former Clients to:

Scott A. Lutes, Esq.
127 Dorrance Street
2nd Floor
Providence, R.I. 02903

[signature]