UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CR No. 05-102 ML

JOHN CURRAN

# JURY INSTRUCTIONS

# TABLE OF CONTENTS


1. INTRODUCTION . . . . . 1

2. EVIDENCE RECEIVED IN THIS CASE . . . . . 2

3. INDICTMENT – DEFINED . . . . . 2

4. INFERENCES – DEFINED . . . . . 3

5. EVIDENCE – DIRECT AND CIRCUMSTANTIAL . . . . . 3

6. OBJECTIONS AND WEIGHT OF THE EVIDENCE . . . . . 3

7. JURY'S RECOLLECTION CONTROLS . . . . . 4

8. PRESUMPTION OF INNOCENCE . . . . . 4

9. BURDEN OF PROOF . . . . . 5

10. CONSIDER EACH COUNT SEPARATELY . . . . . 6

11. "IN OR ABOUT" – DEFINED . . . . . 6

12. CHARGES CONTAINED IN THE INDICTMENT . . . . . 6

13. COUNTS 1-4, 6-19: WIRE FRAUD . . . . . 7

14. 18 U.S.C. § 1343 . . . . . 7

15. 18 U.S.C. § 1343 – ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . 8

16. "SCHEME TO DEFRAUD" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

17. "FALSE OR FRAUDULENT PRETENSES" – DEFINED . . . . . . . . . . . . . . . . . . . . . 8

18. "KNOWINGLY" AND "WILLFULLY" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . 9

19. "INTENT TO DEFRAUD" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20. USE OF INTERSTATE WIRE COMMUNICATIONS IN FURTHERANCE OF THE SCHEME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21. "INTERSTATE WIRE COMMUNICATIONS" – DEFINED . . . . . . . . . . . . . . . . . . 11

22. COUNTS 21-23: MONEY LAUNDERING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

23. 18 U.S.C. § 1956(a)(1)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

24. 18 U.S.C. § 1956(a)(1)(i) – ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . 12

25. "CONDUCTS" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26. "TRANSACTION" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

27. "FINANCIAL TRANSACTION" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28. "INTERSTATE COMMERCE" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

29. "SPECIFIED UNLAWFUL ACTIVITY" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . 13

30. "PROCEEDS" – DEFINED . . . . . . . . . . 14

31. "PROMOTE" – DEFINED . . . . . . . . . . 14

32. EXHIBITS . . . . . . . . . . 14

33. REMARKS OF COUNSEL . . . . . . . . . . 14

34. CONDUCT OF COURT AND COUNSEL . . . . . . . . . . 15

35. EVIDENCE ADMITTED FOR A LIMITED PURPOSE . . . . . . . . . . 15

36. TESTIMONY OF WITNESSES . . . . . . . . . . 16

37. CHARACTER EVIDENCE . . . . . . . . . . 17

38. UNANIMOUS VERDICT – JURY CONDUCT . . . . . . . . . . 17

39. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS . . . . . . . . . . 18

# PART I: GENERAL INSTRUCTIONS

## 1. INTRODUCTION

Members of the jury, we have now come to the end of this trial. This case, like all criminal cases, is a serious one. I say this because the defendant and the United States have a deep concern for your mature consideration of the evidence as presented and the law which I am about to give you.

Although you as the jury are the sole judges of the facts, you are duty bound to follow the law as I instruct you, and to apply that law to the facts as you find them to be from the evidence which has been presented during this trial. You are not to single out any one instruction as stating the law. Rather, you must consider these instructions in their entirety. You are not to be concerned with the wisdom of any rule of law, regardless of any opinion which you might have as to what the law ought to be. It would be a violation of your sworn duty to base your verdict upon any version of the law other than that which I am about to give to you.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "not guilty" plea of the defendant. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The accused and the government are entitled to an impartial consideration of all the evidence. Moreover, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## 2. EVIDENCE RECEIVED IN THIS CASE

For the purpose of determining whether or not the government has sustained its burden of proof, you must evaluate all of the evidence. The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and any facts to which the parties have stipulated.

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You may accept the stipulation as fact and give it whatever weight you choose.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court, as well as any testimony ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

## 3. INDICTMENT – DEFINED

An indictment is not evidence. This case, like most criminal cases, began with the filing of an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The indictment was returned by a grand jury, which heard only the government's side of the case. An indictment is nothing more than an accusation. It is a piece of paper filed with the Court to bring a criminal charge against a defendant. Here, the defendant has pleaded not guilty and has put in issue the charges alleged in the indictment. The government therefore has the burden of proving the allegations made against the defendant.

The fact that an indictment has been filed in this case does not give rise to a presumption of

guilt. It does not even lead to an inference of guilt. The indictment simply brings this matter before you for determination. Beyond that, it has no significance whatsoever.

4. INFERENCES – DEFINED

In determining whether the government has sustained its burden of proof, you are to consider only the evidence. But in your consideration of the evidence, you are not limited to the statements of witnesses, or solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as seem justified in light of your experiences.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case. You may not, however, draw an inference from another inference.

5. EVIDENCE – DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw or heard something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

6. OBJECTIONS AND WEIGHT OF THE EVIDENCE

The fact that the Court may have admitted evidence over objection should not influence you

in determining the weight that you will give such evidence. Nor should statements made by counsel, either for or against the admission of offered evidence, influence your determination of the weight that you will give the evidence if admitted. In other words, you should determine the weight that you will give such evidence on the basis of your own consideration of it and without regard to the statements of counsel concerning the admissibility of such evidence.

## 7. JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

## 8. PRESUMPTION OF INNOCENCE

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the utmost importance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict the defendant of a particular charge unless you are unanimously persuaded of the defendant's guilt on that charge beyond a reasonable doubt.

This presumption was with the defendant when the trial began and remains with the defendant even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the government has proven the defendant's guilt beyond a reasonable doubt.

9. BURDEN OF PROOF

As I have said, the burden is upon the government to prove beyond a reasonable doubt that the defendant is guilty of a charge made against him. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning the defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions–one that the defendant is guilty as charged, the other that the defendant is not guilty–you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its burden is to establish the truth of each element of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against the defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about

whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

10. CONSIDER EACH COUNT SEPARATELY

You must consider each charge separately. The fact that you find the defendant guilty or not guilty on one count does not mean that you should find the defendant guilty or not guilty on any other count.

PART II: THE OFFENSES CHARGED

11. "IN OR ABOUT" – DEFINED

You will note that the indictment charges that the offenses were committed "in or about" or "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient that the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment.

12. CHARGES CONTAINED IN THE INDICTMENT

The indictment in this case contains 21 counts or "charges." The defendant in this case is John Curran.

Counts 1-4 and 6-19 of the indictment charge that the defendant John Curran committed wire fraud in violation of 18 U.S.C. § 1343. Specifically, counts 1-4 and 6-19 charge that beginning in or about 1997, and continuing at least until on or about December 31, 2004, the defendant knowingly and intentionally devised a scheme and artifice to defraud consumers seeking services from the

defendant and to obtain money from such consumers by means of false and fraudulent pretenses, and that in furtherance of this scheme, defendant used or caused the use of interstate wire communications, an offense prohibited by 18 U.S.C. § 1343.

Counts 21 through 23 charge the defendant with committing money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Specifically, counts 21-23 charge that beginning on or about July 3, 2003, and continuing at least until on or about May 17, 2004, the defendant knowingly conducted and attempted to conduct financial transactions affecting interstate commerce, that is, payments for equipment to diagnose and treat alleged diseases and payments for fraudulent credentials, the payment for which involved the proceeds of wire fraud, with the intent to promote the carrying on of wire fraud, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

Again, I remind you that a separate crime is alleged against the defendant in each count of the indictment and you must consider each alleged offense, and any evidence pertaining to it, separately. The fact that you find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to the other offenses charged against the defendant.

## 13. COUNTS 1-4 AND 6-19: WIRE FRAUD

Counts 1-4 and 6-19 of the indictment each charge that the defendant committed wire fraud, in violation of 18 U.S.C. § 1343.

## 14. 18 U.S.C. § 1343

A violation of section 1343 of Title 18 occurs when a person, "having devised or intending

to devise any scheme or artifice to defraud . . . , transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . . ."

15. <u>18 U.S.C. § 1343 – ELEMENTS OF THE OFFENSE</u>

To sustain its burden of proof on a charge of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

*First*: That a scheme existed, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

*Second*: That the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

*Third*: That in furtherance of this scheme, the defendant used or caused the use of interstate wire communications on or about the date alleged in the indictment.

16. <u>"SCHEME TO DEFRAUD" – DEFINED</u>

The first element of wire fraud is the existence of a scheme to defraud. A "scheme" includes any plan, pattern, or course of action.

The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or entity or by a desire or purpose to cause some loss to some person.

17. "FALSE OR FRAUDULENT PRETENSES" – DEFINED

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision maker to whom it was addressed.

18. "KNOWINGLY" AND "WILLFULLY" – DEFINED

The second element of the offense of wire fraud requires proof that the defendant knowingly and willfully participated in the scheme with the intent to defraud.

A defendant acts "knowingly" if he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

An act is done "willfully" if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids–that is to say, with bad purpose, either to disobey or disregard the law. Thus, if a defendant acted in good faith, he cannot be guilty of the crime alleged.

19. "INTENT TO DEFRAUD" – DEFINED

To act with an "intent to defraud" means to act willfully and with the specific intent to deceive or cheat. The burden of proving intent, as with all other elements of the offense, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly

scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

## 20. USE OF INTERSTATE WIRE COMMUNICATIONS IN FURTHERANCE OF THE SCHEME

The use of interstate wire communications in furtherance of the scheme is an essential element of the offense of wire fraud. The use of the wires itself need not be false or fraudulent.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material transmitted by wire was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the wire communications facilities in interstate commerce on or about the dates alleged was closely related to the scheme because the defendant either made or caused an interstate wire communication to be made in an attempt to execute or carry out the scheme. To "cause" an interstate wire communication to be made is to do an act with knowledge that an

interstate wire communication will follow in the ordinary course of business or where such a communication can reasonably be foreseen.

21. "INTERSTATE WIRE COMMUNICATIONS" – DEFINED

"Interstate wire communications" include telephone communications, wire transfers of funds between financial institutions, e-mail transmissions or other internet communications, as well as facsimile communications, all from one state to another.

22. COUNTS 21-23: MONEY LAUNDERING

Counts 21 through 23 of the indictment charge the defendant with committing money laundering in violation of section 1956(a)(1)(A)(i) of title 18 of the United States Code. Specifically, the indictment alleges that beginning on or about July 3, 2003, until May 17, 2004, in the District of Rhode Island, and elsewhere, the defendant knowingly conducted and attempted to conduct financial transactions affecting interstate commerce, namely, payments for equipment to diagnose and treat alleged diseases and for fraudulent credentials, the payment for which involved the proceeds of wire fraud, with the intent to promote the carrying on of the wire fraud, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some unlawful activity.

23. 18 U.S.C. § 1956(a)(1)(i)

Title 18, Section 1956(a)(1)(i) provides that "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds

of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity" is guilty of a violation of 18 U.S.C. § 1956(a)(1)(i).

24. 18 U.S.C. § 1956(a)(1)(A)(i) – ELEMENTS OF THE OFFENSE

To sustain its burden of proof as to the offense charged in Counts 21-23, the government must prove each of the following elements beyond a reasonable doubt:

*First*: That the defendant entered into a financial transaction or transactions, on or about the date alleged, with a financial institution engaged in interstate commerce;

*Second*: That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of wire fraud;

*Third*: That the defendant knew that these were the proceeds of some kind of crime that is a felony under federal or state law; and

*Fourth*: That the defendant entered into the transaction or transactions with the intent to promote the carrying on of the unlawful activity, specifically, wire fraud.

25. "CONDUCTS" – DEFINED

The term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction.

26. "TRANSACTION" – DEFINED

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, by whatever means effected.

27. "FINANCIAL TRANSACTION" – DEFINED

The term "financial transaction" is defined as the following:

(A) a transaction which in any way or degree affects interstate commerce

(i) involving the movement of funds by wire or other means, or

(ii) involving one or more monetary instruments, or

(iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or

(B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

28. "INTERSTATE COMMERCE" – DEFINED

"Interstate commerce" means commerce, trade, or travel between the states, territories or possessions of the United States, including the District of Columbia. It is not necessary that the defendant have intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the acts the defendant took did in fact affect interstate commerce, however minimal that effect is.

29. "SPECIFIED UNLAWFUL ACTIVITY" – DEFINED

Wire fraud is a specified unlawful activity pursuant to 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1). In this case, the government is charging that the defendant engaged in the specified unlawful activity of wire fraud as part of its money laundering allegations.

The defendant need not know exactly what crime generated the funds involved in a transaction, only that the funds are the proceeds of some kind of crime that is a felony under federal or state law. Moreover, the government is not required to specify the predicate offense in the

indictment or secure a conviction on the underlying unlawful activity. I instruct you that wire fraud is a felony under federal law.

30. "PROCEEDS" – DEFINED

"Proceeds" are any property that the defendant obtained, directly or indirectly, as the result of the crime. "Proceeds" can be any kind of property, not just money.

31. "PROMOTE" – DEFINED

To "promote" means to further, to help carry out, or to make easier.

PART III: CONSIDERATION OF THE EVIDENCE

32. EXHIBITS

Exhibits admitted into evidence by the Court are properly before you, and will be available to you during your deliberations. An exhibit marked by the Court for identification is not evidence in the case unless or until it was admitted by the Court as a full exhibit. If it has not been admitted as a full exhibit, you may not consider it. If it was admitted, however, it is just as much a part of the evidence in the case as the testimony which you have heard from the witness stand.

33. REMARKS OF COUNSEL

Remarks, statements, and questions by counsel are not evidence and you are not to consider them as evidence during your deliberations. Neither should you permit objections by counsel to the

admission of evidence, or the rulings of the Court, to create any bias or prejudice toward counsel or the party whom he represents. It is the duty of counsel for both sides to represent their clients vigorously and to defend their clients' rights and interests. In the performance of that duty, counsel freely may make objection to the admission of offered evidence, or to any other ruling of the Court, and should not be penalized for doing so.

## 34. CONDUCT OF COURT AND COUNSEL

If during trial, or in instructing you, I have said or done anything that has caused you to believe that I was indicating an opinion as to what the facts are in this case, you should put that belief out of your mind. I did not intend to indicate any such opinion. In fact, I try not to have an opinion about the case because you are the sole and exclusive judges of the facts.

In determining the facts, you are to consider only that evidence which has properly been placed before you. It is the Court's duty to pass upon the admissibility of offered evidence, that is, to decide whether or not offered evidence should be considered by you. Evidence admitted by the Court is properly before you for your consideration; evidence which the Court has refused to admit, or may have stricken from the record after you heard it, is not a proper subject for your deliberations and you should not consider it.

## 35. EVIDENCE ADMITTED FOR A LIMITED PURPOSE

In some instances, evidence has been admitted for a limited purpose. You must consider such evidence only in the manner in which I have instructed you and not for any other purpose.

## PART IV: CREDIBILITY OF WITNESSES

### 36. TESTIMONY OF WITNESSES

The law does not require you to accept or credit the evidence admitted. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and the weight you choose to give to his or her testimony.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in light of other evidence which you believe.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

The testimony of a witness may be discredited or impeached by showing that he or she

previously made statements which are different than or inconsistent with his or her testimony here in court. These statements may be used to impeach the credibility of that witness. It is within your province to assess the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

37. CHARACTER EVIDENCE

The defendant presented evidence to show that he enjoys a reputation for honesty, truthfulness, and integrity in his community. Such evidence may indicate to you that it is improbable that a person of such character would commit the crimes charged., and therefore, cause you to have a reasonable doubt as to his guilt. You should consider any evidence of the defendant's good character along with all the other evidence in this case and give it such weight as you believe it deserves. If, when considered with all the other evidence presented during this trial, the evidence of defendant's good character creates a reasonable doubt in your mind as to his guilt, you should find him not guilty.

## PART V: THE DELIBERATIONS AND VERDICT

38. UNANIMOUS VERDICT – JURY CONDUCT

To render a verdict, all twelve of you must agree, that is, your verdict must be unanimous. Therefore, during your deliberations and in your consideration of the evidence, you should exercise reasonable and intelligent judgment. It is not required that you yield your view simply because a majority holds to the contrary view, but in pursuing your deliberations, you should keep your minds

reasonably open with respect to any point in dispute so that you will not be prevented from achieving a unanimous verdict due to mere stubbornness. It is your right, however, to maintain your view. The vote of each juror is as important as the vote of any other juror, and you need not give up your view, sincerely held, simply because a majority holds to the contrary view.

Do not approach your consideration of the case in an intellectual vacuum. You are not required to disregard your experiences and observations in the ordinary everyday affairs of life. Indeed, your experiences and observations are essential to your exercise of sound judgment and discretion, and it is your right and duty to consider the evidence in light of such experiences and observations. It is hoped and anticipated that you will sift all of the evidence in this case through maturity and common sense.

Of course, you should not permit prejudice, sympathy, or compassion to influence you. All that any party is entitled to, or expects, is a verdict based upon your fair, scrupulous, and conscientious examination of the evidence and an application of the law as I have instructed you to that evidence.

39. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

During your deliberations, if you need further instruction or assistance by the Court in any way, I ask that, through your foreperson, you reduce such requests or questions as you may have to writing. The foreperson may then hand such written request or question to the marshal in whose charge you will be placed. The marshal will bring any written questions or requests to me. I will attempt to fulfill your request or answer your question. Other than the method outlined, please do not attempt to communicate privately or in any other way with the Court.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise, on the question of whether the accused is guilty or not guilty, until after you have reached a unanimous verdict.

You may now retire with the marshal to enter upon your deliberations. When you have reached a verdict, you will return here and make your verdict known.