1. MONEY LAUNDERING – FORFEITURE, 18 U.S.C. § 982(a)(1)

In light of your verdict that the defendant is guilty of money laundering, you must now also decide whether he should surrender to the government his ownership interest in certain property as a penalty for committing that crime. We call this "forfeiture."

On this charge, federal law provides that the government is entitled to forfeiture if it proves, by a preponderance of the evidence, that the property in question:

1. was involved in one or more of the money laundering counts of which you have convicted the defendant; or
2. was traceable to such property.

Note that this is a different standard of proof than you have used for the money laundering charges. A "preponderance of the evidence" means an amount of evidence that persuades you that something is more likely true than not true. It is not proof beyond a reasonable doubt.

Property "involved in" a money laundering transaction means the money being laundered, any commissions or fees paid to the launderer, and any property used to facilitate the laundering. Mingling tainted funds with legitimate funds exposes the legitimate funds to forfeiture as well, if the mingling was done for the purpose of concealing the nature or source of the tainted funds, in other words, to "facilitate" the money laundering.

While deliberating, you may consider any evidence admitted during the trial. However, you must not reexamine your previous determination regarding the defendant's guilt of money laundering. All of my previous instructions concerning consideration of the evidence, the credibility of witnesses, your duty to deliberate together and to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the requirement of unanimity apply here as well.

On the verdict form, I have listed the various items that the government claims the defendant should forfeit. You must indicate which, if any, the defendant shall forfeit.

Do not concern yourself with claims that others may have to the property. That is for the Court to determine later.

2. <u>WIRE FRAUD – FORFEITURE, 28 U.S.C. § 2461(c)</u>

28 U.S.C. § 2461(c) provides that civil forfeiture remedies may be sought in a criminal matter. In light of your verdict that the defendant is guilty of wire fraud, you must now also decide whether he should surrender to the government his ownership interest in certain property as a penalty for committing that crime. You should note that you may find the defendant must forfeit his property pursuant to both the wire fraud and money laundering charges.

In order to succeed on the wire fraud forfeiture allegation, the government must prove by a preponderance of the evidence that the property in question was proceeds of the crime or derived from proceeds of the crime. "Proceeds" are any property that the defendant obtained, directly or indirectly, as the result of the crime of wire fraud.

While deliberating, you may consider any evidence admitted during the trial. However, you must not reexamine your previous determination regarding the defendant's guilt of wire fraud. All of my previous instructions concerning consideration of the evidence, the credibility of witnesses, your duty to deliberate together and to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the requirement of unanimity apply here as well.

On the verdict form, I have listed the various items that the government claims the defendant should forfeit. You must indicate which, if any, the defendant shall forfeit.

Do not concern yourself with claims that others may have to the property. That is for the Court to determine later.