**IN THE DISTRICT COURT FOR THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-102ML |
| | ) | |
| JOHN CURRAN | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF MOTION FOR A DOWNWARD DEPARTURE**

Having been found guilty of 18 counts of wire fraud and three counts of money laundering, defendant now seeks a sentence exceptionally well below the advisory Sentencing Guideline range of 262-327 months. Instead of approximately 21 to 27 years, he recommends that a sentence of only one year is appropriate. Defendant's request for a deviation of almost 300% from the guideline range is not only beyond reason, it is not supported by any material that he has supplied to the Court.

In the wake of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, not mandatory. However, contrary to defendant's assertion, the Guidelines are not just "one factor" for the Court to consider. Defendant's Motion at 3. The First Circuit has made plain that "the guidelines continue [] to be an important consideration in sentencing." United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Moreover, "the guidelines cannot be called just 'another factor' in the statutory list, 18 U.S.C. §3553(a), because they are the only integration of the multiple factors, and with important exceptions, their calculations were based upon the actual sentences of many judges." Id. (emphasis in original). Nevertheless, "[a] court may sentence below the guidelines because the guideline sentence appears unreasonable in the 'particular case.'" United States v. Thurston,

__ F.3d __, 2006 WL 2065404 *7 (1st Cir. July 26, 2006) (quoting Jimenez-Beltre, 440 F.3d at 518). "The reasonableness of a below-guideline sentence [is judged] on a sliding scale: 'the farther the judge's sentence departs from the guidelines sentence the more compelling the justification based on the factors in 3553(a) that the judge must offer.'" Id. (quoting United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006)).

Here, the defendant can offer no compelling justification for a sentence outside the advisory guideline range. He claims that a lower sentence is appropriate by baldly attempting to minimize the seriousness of his offense, claiming that a lengthy sentence will not serve a significant deterrent effect, attempting to challenge the verdict by rearguing that he provided disclaimers to his clients and claiming he wasn't adequately supervised by the State, claiming sentence disparity and arguing that his family circumstances warrant a lower sentence. Yet when one weighs all of the information contained in the Presentence Report against the factors set forth in 18 U.S.C. § 3553(a), the balance is tipped squarely in favor of a guideline sentence.

The § 3553(a) factors begin with the "nature and circumstances of the offense." 18 U.S.C. §3553(a)(1). Here, defendant continues to ignore the seriousness of his offense. This was not simply a "property crime." This was case where the defendant trampled over his clients hopes and worst fears. Indeed, a simple "property crime" is mild conduct when compared to the egregiousness of defendant's conduct.

Section 3553(a) next directs a sentencing court to consider the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). There is nothing exceptional about defendant's history and characteristics when compared to other defendant's in his circumstances. His crime is not a crime of violence. It is a crime that is premised upon defendant's manipulation of the

opportunity that was provided to him through his initial internship in naturopathy. He, in this sense, is much like typical white collar criminals. He had no excuse -- societal, upbringing, or educational – to allow his ego and greed to lead him to take advantage of others for his own personal gain. The fact that he has no criminal history is reflected in the guideline calculation and no further adjustment is warranted.

The remaining Section 3553(a) factors relevant here -- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from the further crimes of the defendant, 18 U.S.C. §§ 3553(a)(2)(A-C) -- likewise provide the defendant no comfort here. To the contrary, the guideline calculation here commences at U.S.S.G. § 2B1.1., the traditional fraud section. The factors at Section 2B1.1. only begin to address the seriousness of this case, however, because this case is not simply about how much money his victims lost. It is not a typical white collar case, hence, the propriety of the upward adjustments contained in the PSR.

This case requires a sentence that addresses the incredible harm perpetrated by the defendant upon his victims. It is a case that sends a message that if one places himself in a position where he deals with peoples most intimate fears, concerns and hopes, he better not take advantage of such a position. Instead, he must guard that trust vigilantly. A sentence within the guideline range will reaffirm such a principle.[1]

---

[1] The maximum sentence for each wire fraud count of conviction is 20 years. It may be necessary to sentence defendant consecutively on separate counts, to the extent necessary to achieve the total punishment. The Guidelines state that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court adopt the offense conduct calculation (level 39) contained in the PSR.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
Assistant U.S. Attorney
Chief, Criminal Division

necessary to produce a combined sentence equal to the total punishment . . . ." U.S.S.G. § 5G1.2(d).

CERTIFICATE OF SERVICE

On this 24th day of August, 2006, I caused the Government's Response to Defendant's Sentencing Memorandum in Support of Motion For A Downward Departure to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Scott Lutes, Esq.
127 Dorrance Street
Providence, Rhode Island 02903

Notification by first class mail, postage prepaid to:

Dennis Jenkins
United States Probation Officer
United States Probation Office
John O. Pastore Federal Building & US Post Office
Two Exchange Terrace
Providence, Rhode Island 02903

/s/ Luis M. Matos
Luis M. Matos
Assistant US Attorney
Chief, Criminal Division