IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CR. No. 05-102ML |
| v. | : |
| | : |
| JOHN E. CURRAN | : |

PRELIMINARY ORDER OF FORFEITURE

The jury having found, pursuant to FED. R. CRIM. P. 32.2(b)(4), that the government has established the requisite nexus between the charges in the Indictment of which the defendant has been convicted and the below-listed property which the government seeks to forfeit, it is hereby

ORDERED, ADJUDGED, AND DECREED

as follows:

1. That pursuant to 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461, all the right, title, and interest of the defendant, JOHN E. CURRAN, in and to the following property listed in the Wire Fraud Forfeiture Allegations of the Indictment, is forfeited to the United States of America:

A. One SpectraColor Spa System manufactured by Sybartic, Inc.; and

B. One Vitaeris 320 Hyperbaric Chamber manufactured by Vita 02 Inc, Dawsonville, Georgia.

2. That pursuant to 18 U.S.C. § 982(a)(1), all the right, title, and interest of the defendant, JOHN E. CURRAN, in and to the following property listed in the Money Laundering Forfeiture Allegations of the Indictment, is forfeited to the United States

of America:

A. Account No. 1452-751-0 in the name of The Northeastern Institute for Advanced Natural Healing located at Citizen's Bank of Rhode Island, One Citizens Plaza, Providence, Rhode Island containing $15,821.57; and

B. Two Thousand Five Hundred and Ten Dollars ($2,510).

It is further

ORDERED, ADJUDGED, AND DECREED

as follows:

1. That the United States Marshal shall seize the above-referenced property in accordance with law pursuant to FED. R. CRIM. P. 32.2(b)(3);

2. That pursuant to 21 U.S.C. § 853(n)(1)as incorporated by 18 U.S.C. § 982(b)(1), the United States Marshal shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-referenced property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier;

3. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of

the petitioner's right, title or interest in the above-referenced property and any additional facts supporting the petitioner's claim and the relief sought;

4. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have alleged an interest in the property, as a substitute for published notice as to those persons or entities so notified;

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853(n) as incorporated by 18 U.S.C. § 982(b)(1), in which all interests will be addressed.

BY ORDER:

[signature]
8.25.06

ENTER:

[signature]
MARY M. LISI
UNITED STATES DISTRICT COURT JUDGE
8.25.06